Affirmed and Memorandum Opinion filed August 24, 2006








Affirmed and Memorandum Opinion filed August 24, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00378-CR

_______________

 

FLOURNOY DAVIS WILLIAMS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 208th District Court

Harris County, Texas

Trial Court Cause No. 972,662

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Appellant,
Flournoy Davis Williams, appeals his conviction for aggravated robbery. In his
sole issue, appellant contends that the trial court erred by overruling his
motion to suppress the identification testimony of two State witnesses. 
Because all dispositive issues are clearly settled in law, we issue this
memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.  

 

I.  Background








On
December 30, 2003, appellant entered a fast-food restaurant three times within
a thirty-minute period.  The first time, several uniformed police officers were
eating in the dining area.  Appellant asked where the restroom was located and
left.  He returned a second time when there were no longer marked police cars
in the parking lot.  However, the police chief remained in the restaurant
finishing his meal.  Appellant asked for the time and left again.  Appellant
entered the restaurant a third time after the police chief left.  A restaurant
manager and cashier stood at the counter.  Appellant approached the counter and
said, AGive me everything you got.@  He lifted his shirt to reveal the
handle and part of the cylinder of a gun tucked in his pants.  The manager
gathered the money from three registers, placed it in a bag, and handed the bag
to appellant.  The cashier exited through a back door and called 911 from a
nearby convenience store.  

As
appellant left the restaurant with the bag of money, a piece of paper fell from
his back pocket.  The cashier gave the paper to the police when they arrived on
the scene.  The paper was a completed job application with appellant=s name and address. Two Houston police
officers drove to the address listed on the application.  A man later
identified as appellant stood next to a vehicle stopped in the same block as
the listed address.  Appellant walked away from the vehicle and began to cross
the yard of a residence.  The officers drove up next to him in the patrol car
and told him they needed to talk to him.  Appellant threw down a bag he was
carrying and fled.  The officers retrieved the bag and arrested appellant.  The
bag contained a purple hat and a loaded gun.  When the officers searched
appellant incident to arrest, they found $271 in small bills in his pocket. 
The officers brought appellant back to the restaurant, where he was positively
identified by both the manager and the cashier.

A jury
convicted appellant of aggravated robbery, and he was sentenced to seventy
years= imprisonment.   

II.  Discussion








In his
sole issue, appellant contends the in-court identification testimony of the two
restaurant employees was tainted by an impermissibly suggestive out-of-court
identification procedure.[1]  We apply a
two-step analysis to determine whether in-court identification testimony is
admissible.  See Barley v. State, 906 S.W.2d 27, 33 (Tex. Crim. App.
1995).  First, we must determine whether the out-of-court identification
procedure was impermissibly suggestive.  Id.  Second, if the
out-of-court procedure was impermissibly suggestive, we must determine whether
it gave rise to a very substantial likelihood of irreparable
misidentification.  Id. 

Appellant
argues that the identification procedure was impermissibly suggestive because
it was an Aon-the-scene@ or Ashowup@ identification.  When the police apprehend a suspect shortly
after a crime and present him before a witness at the scene, the resulting
confrontation is suggestive, although not always impermissibly suggestive.  See
Garza v. State, 633 S.W.2d 508, 512 (Tex. Crim. App. 1982) (op. on reh=g) (noting that on-the-scene
confrontations are to some degree suggestive).  Here, we will assume, without
deciding, that the identification procedure was impermissibly suggestive
because we conclude it did not give rise to a very substantial likelihood of
irreparable misidentification.  








Appellant
bore the burden to prove by clear-and-convincing evidence that the in-court
identification was unreliable.  See Delk v. State, 855 S.W.2d 700, 706
(Tex. Crim. App. 1993).  We must consider the totality of the circumstances to
determine reliability, including the following five non-exclusive factors: (1)
the opportunity of the witness to view the perpetrator at the time of the
crime; (2) the witness=s degree of attention; (3) the accuracy of the witness=s prior description of the
perpetrator; (4) the level of certainty demonstrated by the witness;  and (5)
the length of time between the crime and the confrontation.  Neil v. Biggers,
409 U.S. 188, 199B200 (1972); Ibarra v. State, 11 S.W.3d 189, 195 (Tex.
Crim. App. 1999).  We view the facts relevant to the reliability factors in the
light most favorable to the trial court=s ruling.  See Ibarra, 11
S.W.3d at 195B96.  We then weigh the factors de novo against the Acorrupting effect@ of the suggestive out-of-court
identification procedure.  Id. (citing Loserth v. State, 963
S.W.2d 770, 773B74 (Tex. Crim. App. 1998)).  

It was
undisputed that both of the State=s witnesses were standing across from
appellant at the counter of a fast-food restaurant when appellant displayed his
gun.  It was also undisputed that both witnesses saw appellant enter the
restaurant twice before the robbery took place.  At the suppression hearing,
the witnesses were questioned regarding the events that occurred after the officers
brought appellant back to restaurant.  Both witnesses testified that they were
separated before being asked to identify appellant.  Both witnesses testified
that they first saw appellant without a cap.  They viewed him again, after a
police officer placed the cap on appellant=s head.  An officer testified that
appellant matched the description he was given at the scene.  

Neither
witness indicated he or she had any doubt as to appellant=s identity.  Both witnesses stated
they identified appellant immediatelyC before the officer placed the cap on
appellant=s head.  The manager testified she was Apositive@ as to appellant=s identity.  Both witnesses also
testified that their identification of appellant was based on independent
recollection of the crime.  See Buxton v. State, 699 S.W.2d 212, 216
(Tex. Crim. App. 1985) (holding an in-court identification admissible when the
record revealed the witness=s ability to make the in-court identification had an origin
independent of any allegedly improper out-of-court identification procedure).
The cashier testified that the officers brought appellant back to the
restaurant within ten to twenty minutes after the robbery.  See Louis v.
State, 825 S.W.2d 752, 757 (Tex. App.CHouston [14th Dist.] 1992, writ ref=d) (finding no substantial likelihood
of misidentification when show-up identification took place within an hour of
the robbery).   








Under
these circumstances, the reliability factors weigh in favor of allowing the
in-court identification testimony of both witnesses.  Appellant failed to show
by clear and convincing evidence that the allegedly improper out-of-court identification
procedure resulted in a very substantial likelihood of irreparable
misidentification.  See Ibarra, 11 S.W.3d at 195B96.  Accordingly, we overrule
appellant=s sole issue. 

The
judgment of the trial court is affirmed.

 

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Opinion filed
August 24, 2006.

Panel consists of Justices Hudson,
Fowler, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 









[1]  Appellant also appears to challenge his warrantless
arrest in an argument nested within his sole issue.  However, appellant did not
file a motion to suppress or otherwise object to the arrest or evidence seized
as a result of the arrest.  Therefore, he has failed to preserve error with
respect to the warrantless arrest.  See Tex. R. App. P. 33.1(a).